## MÉNDEZ *v.* CELIS ET AL.

### APPEAL from the District Court of Humacao.

No. 713.—Decided March 18, 1912.

NULLITY OF WILL — DISINHERITANCE — USUFRUCTUARY RIGHTS OF SURVIVING SPOUSE.—This was a suit to annul a clause of a will whereby a wife attempted to disinherit her husband and deprive him of any right to the usufruct of her property to which he might be entitled by law. A demurrer to the complaint on the ground that it did not state sufficient facts was sustained on the theory that the action was premature because there was a divorce suit pending continued by the executor of the deceased spouse. *Held:* That as the question is one which has been decided by this court in the case of *Celis Alquier* v. *Méndez,* decided March 7, 1912, to the effect that the death of one of the spouses puts an end to the divorce suit the present action was not premature inasmuch as the time to attack a will is promptly after its publication. Failure to allege that the testatrix left any property is not in the circumstances of this case a material omission.

The facts are stated in the opinion.

Mr. *Eduardo Acuña* for appellant.

Mr. *Jorge V. Domínguez* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit by a husband to annul a clause of his wife's will whereby she attempted to disinherit him. The will, as described in the complaint, set out that the testatrix had begun a suit in the District Court of Humacao for divorce against her husband and by the seventh clause she disinherits and deprives him of any right to the usufruct of half her property. There was a demurrer to the complaint and the foregoing facts were thereby admitted as well as the fact that there was no cause for disinheriting set forth in the will other than the one mentioned, namely, that there was a divorce suit pending. The grounds on which the divorce was sought are not expressed.

The demurrer was sustained on the theory that the action was premature. The appellee maintains that whether or not the husband could recover anything would be dependent upon the outcome of the divorce suit in accordance with the provisions of section 8 of the Law of 1905. This is a question that we have considered at length in the suit of *Carlota de Celis Alquier* v. *Ramón Méndez Cardona,* decided on March 7, 1912, and as there decided the death of the wife put an end to the pending action.

In the brief of the appellee some point is made of the fact that the complaint failed to state that the testatrix left any property, but this point was abandoned at the hearing. Generally, moreover, a testatrix will leave some sort of personal effects or some property may be discovered thereafter. The time to attack a will is promptly after its publication and the failure to mention property is not, under the circumstances of this case, a material omission. The complaint must be held to state good cause of action, inasmuch as it clearly sets forth that the will failed to express any adequate cause for disinheriting. The judgment must be reversed.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.